UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-8793-CAS (MANx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | TLC OF THE BAY AREA, INC. V. TOBY DOUGLAS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants

Not Present                                              Not Present

**Proceedings:**   (In Chambers:) DEFENDANT'S MOTION TO STAY TRIAL COURT PROCEEDINGS (filed November 13, 2012)

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 17, 2012, is vacated, and the matter is hereby taken under submission.

On October 15, 2012, plaintiff TLC of the Bay Area, Inc. d/b/a Valley House Rehabilitation Center ("TLC") filed suit against defendant Toby Douglas, in his capacity as the Director of the Department of Health Care Services for the State of California. Dkt. No. 2. The California Department of Health Care Services ("DHCS") is a California agency charged with the administration of California's Medicaid program, Medi-Cal. The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs. Plaintiff brings claims for (1) unlawful takings in violation of the Fifth Amendment of the U.S. Constitution and the Supremacy Clause; (2) violation of the Due Process Clause Fourteenth Amendment; and (3) violation of the Equal Protection Clause of the Fourteenth Amendment. Compl. Plaintiff is a skilled nursing facility ("SNF") that provides care to Medi-Cal recipients, and it alleges that defendant, *inter alia*, has engaged in a wrongful taking by reimbursing it less than its costs for providing care, because it is barred by law from refusing to continue serving its Medi-Cal patients. Id. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-8793-CAS (MANx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | TLC OF THE BAY AREA, INC. V. TOBY DOUGLAS | | |

    On March 25, 2011, California Governor Jerry Brown signed into law Assembly Bill 97 ("AB 97"), the health budget trailer bill for California fiscal year 2011–2012. AB 97 enacted significant payment reductions for many classes of services provided under the Medi-Cal program. Most significantly for the instant action, AB 97 enacts California Welfare and Institutions Code § 14105.192, which authorizes the Director to reduce the Medi-Cal payment rates for various categories of services, effective June 1, 2011. Most of the rate reductions called for are flat 10 percent reductions. However, pursuant to Welfare and Institutions Code § 14105.192(j), reimbursement for certain services may not exceed the reimbursement rates that were applicable to those claims of providers in the 2008–09 rate year, reduced by 10 percent. Among the services impacted by this provision are SNF services.

    DHCS submitted a proposed State Plan Amendment ("SPA") to CMS on June 30, 2011, seeking federal approval of the rate reduction and incorporation of that reduction into California's Medi-Cal State Plan. On September 27, 2011, CMS issued a letter to DHCS requesting additional information concerning the proposed rate reduction. On October 27, 2011, CMS provided notice that it would approve the SPA. Pl.'s Request for Judicial Notice ("RJN") Exs. C, D, E.

    On October 29, 2012, plaintiff filed a motion for a preliminary injunction. Plaintiff seeks a declaratory judgment and prospective injunctive relief under 42 U.S.C. § 1983 declaring defendant's conduct to be unconstitutional, and barring defendant from paying plaintiff less than its costs of providing care. Plaintiff relies, in part, on this Court's order in California Hospital Ass'n, et al. v. Toby Douglas, No. CV 11-9078-CAS ("CHA"), which preliminary enjoined defendant from "applying the reduction on Medi-Cal reimbursement for skilled nursing services rendered by distinct part hospital units on or after June 1, 2011. . . ." Compl. Ex. A. This order is currently on appeal to the Ninth Circuit Court of Appeals, which heard oral argument in the matter on October 10, 2012. See California Hospital Ass'n v. Douglas, No. 12-55068.

    On November 13, 2012, defendant filed the instant motion to stay this case pending resolution of the appeal in CHA. Dkt. No. 17. The Court also granted in part defendant's ex parte to hear its motion for a stay before plaintiff's motion for a preliminary injunction. Dkt. No. 22. Plaintiff opposed defendant's motion for a stay on November 26, 2012. Dkt. No. 23. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-8793-CAS (MANx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | TLC OF THE BAY AREA, INC. V. TOBY DOUGLAS | | |

## II. LEGAL STANDARD

### A. Stay of Proceedings

A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else, 'the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Id. (quoting Landis, 299 U.S. at 255). Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

## III. ANALYSIS

Defendant argues that this Court should stay the instant proceedings pending the Ninth Circuit's resolution of its appeal of the preliminary injunction this Court issued in CHA. Defendant notes that plaintiff in this case, a skilled nursing facility, relies heavily on this Court's prior decision in its complaint. Mot. at 3. In particular, plaintiff alleges that this Court confronted a "very similar scenario" in CHA, as the "distinct part nursing facilities" at issue in CHA are "very similar" to skilled nursing facilities like plaintiff. Compl. ¶¶ 55–56.[1] Both cases involve claims that "a freeze or reimbursements at [or] below the cost for providing care" amounts to "an unlawful taking in violation of the

---

[1] The plaintiff in CHA noted some of the significant differences of hospital-based nursing facilities compared to stand-alone facilities like TLC, including that "patients treated in DP/NFs often present more complex medical issues and require more resources, including highly skilled nursing care and ancillary services, than do patients treated freestanding SNFs." CHA, Dkt. No. 14 (First Amended Complaint) ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　JS-6

| Case No. | CV 12-8793-CAS (MANx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | TLC OF THE BAY AREA, INC. V. TOBY DOUGLAS | | |

Takings Clause of the Fifth Amendment." Id. ¶¶ 56–57. In addition, both plaintiffs state a claim that defendant acted "arbitrarily and capriciously" in setting the reimbursement rates for TLC and the plaintiffs in CHA. Moreover, defendant argues that plaintiff will not suffer significant harm in the event that the Court stays this case. This is so, defendant contends, because plaintiff waited over a year after the rate reduction went into effect before filing the instant suit, and plaintiff has not demonstrated that it unsuccessfully attempted to withdraw from the Medi-Cal program.

In opposition, plaintiff argues that both this Court and the Ninth Circuit denied a request for a stay in the CHA case, before and after the issuance of the preliminary injunction, and therefore the Court should not stay the instant case either. In addition, plaintiff contends that because the Court has broad discretion to suspend or modify a preliminary injunction if one is entered, the proper time to address a motion for a stay would be after this Court has entered an order enjoining defendant, if the Court is inclined to do so. Furthermore, plaintiff argues that it will continue to suffer irreparable harm if a stay is granted. Plaintiff alleges that it cannot cease providing care to its Medi-Cal residents, despite the fact that plaintiff "will be forced to subsidize Medi-Cal another $1.18 million for 2012–13 if its rates are not adjusted for actual costs." Opp'n at 13 (citing Zaretsky Decl. ¶¶ 19–25). Such subsidization amounts to an unconstitutional taking, which is alone sufficient to grant a preliminary injunction in their favor. Because of the State's sovereign immunity, plaintiff will be unable to obtain any retrospective damages in the event that it prevails on the merits of its claim. Finally, plaintiff argues that it also has a significant likelihood of succeeding on the merits of its equal protection claim, because defendant pays different reimbursement rates to similarly-situated SNFs without any justification for doing so. See Opp'n at 18; Zaretsky Decl. ¶¶ 20–26.[2]

The Court finds that a brief stay is warranted in this action. Plaintiff's primary claim for relief is premised upon the same legal theory that is currently being litigated in the Ninth Circuit. Resolution of the CHA appeal will likely provide definitive guidance as to the proper resolution of this case, given the similarities that plaintiff itself has identified between CHA and this matter. As such, the Court finds it appropriate in the interest of judicial economy to stay this case for sixty days or pending the Ninth Circuit's decision in CHA, whichever first occurs. A short stay is appropriate given that oral

---

[2] The plaintiffs in CHA did not bring an equal protection claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-8793-CAS (MANx) | Date | December 11, 2012 |
| Title | TLC OF THE BAY AREA, INC. V. TOBY DOUGLAS | | |

argument has already taken place in the Ninth Circuit and the case presently stands submitted.  In light of the potential harm that may result to plaintiff in the absence of injunctive relief, the Court will revisit the need for a continued stay after sixty days if the Ninth Circuit has not yet issued its decision in CHA.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby STAYS this action for sixty days or until such time as the Ninth Circuit issues a decision in CHA.  The parties are directed to file a joint status report at the conclusion of the sixty day period.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |